Dear Mr. Rice:
This opinion is issued in response to your questions asking:
 Does the State Fire Marshal have the authority to send an arson investigator to assist a fire district or department if requested to do so by the fire chief of that district or department?
 Can the fire chief of the district or department decide whether he wants local assistance or state assistance?
Section 320.202, RSMo 1986, provides:
 320.202. Division of fire safety, created — duties of division and fire marshal. — 1. There is hereby established within the department of public safety a "Division of Fire Safety", which shall have as its chief executive officer the fire marshal appointed under section 320.205. The fire marshal and the division shall be responsible for:
 (1) The training of firefighters, investigators, and any state employees performing fire inspections pursuant to state statutes or state licensing requirements;
 (2) Establishing and maintaining a statewide reporting system, which shall, as a minimum, include the records required by section 320.235 and a record of all fires occurring in Missouri showing:
 (a) The name of all owners of personal and real property affected by the fire;
 (b) The name of each occupant of each building in which a fire occurred;
 (c) The total amount of insurance carried by, the total amount of insurance collected by, and the total amount of loss to each owner of property affected by the fire; and
 (d) All the facts, statistics and circumstances, including, but not limited to, the origin of the fire, which are or may be determined by any investigation conducted by the division or any local firefighting agency under the laws of this state.
 All records maintained under this subdivision shall be open to public inspections during all normal business hours of the division;
 (3) Conducting all investigations of fires mandated by sections 320.200 to 320.270;
 (4) Conducting all fire inspections required of any private premises in order for any license relating to such private premises to be issued under any licensing law of this state, except those organizations and institutions licensed pursuant to chapters 197 and 198, RSMo.
 2. The state fire marshal shall exercise and perform all powers and duties necessary to carry out the responsibilities imposed by subsection 1 of this section, including, but not limited to, the power to contract with any person, firm, corporation, state agency, or political subdivision for services necessary to accomplish any of the responsibilities imposed by subsection 1 of this section.
Section 320.230.1, RSMo 1986, mandates that:
 320.230. Investigations conducted — cooperation with local officials required. — 1. The state fire marshal shall conduct investigations and may conduct hearings into the cause, origin, or circumstances of fire losses and shall cooperate with the appropriate fire or police officials of this state or its political subdivisions in investigations of the cause, origin, or circumstances of fires, explosions, or related occurrences involving the possibility of arson or related offenses.
Section 320.240, RSMo 1986, reads:
 320.240. Property may be entered for investigation, when. — The state fire marshal or investigator may at all reasonable hours enter in or upon any property to make an investigation of a fire loss or for determining the origin of any fire, but this section shall apply to the interior of a privately occupied dwelling only when a fire has occurred therein.
Section 320.250, RSMo 1986, reads:
 320.250. Powers of political subdivisions not affected. — Sections 320.200 to 320.270 shall not deprive the authorities of any county, city, or other political subdivision of any power or jurisdiction over property or fire regulations.
1.
The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. Metro AutoAuction v. Director of Revenue, 707 S.W.2d 397, 401 (Mo. banc 1986). In determining the legislature's intention, provisions of the entire legislative act must be construed together, and if reasonably possible, all provisions must be harmonized.Collins v. Director of Revenue, 691 S.W.2d 246, 251 (Mo. banc 1985).
The plain meaning of the statutes herein cited is that the state legislature intended the state fire marshal to have authority to conduct investigations and hearings "into the cause, origin, or circumstances of fire losses." Section320.230.1, RSMo 1986. Section 320.240, RSMo 1986, provides for the investigation into the origin of "any fire". This authority is limited only to the extent that the fire marshal is to "cooperate with the appropriate fire or police officials of this state or its political subdivisions" in investigations where arson or related offenses are possible. Section 320.230.1, RSMo 1986. Thus, whether requested or not, the state fire marshal has the authority to send an arson investigator to investigate a fire or to assist a fire district or department.
2.
As to whether the fire chief of a district or department can decide whether he wants local assistance or state assistance, following the rationale above in the language of Sections 320.230.1 and 320.250, a fire chief may request assistance from either the fire marshal or any appropriate local authority. At the same time, a fire chief cannot exclude any appropriate authority — either the fire marshal or local authorities with jurisdiction — from assisting/investigating if they so choose.
Conclusion
Therefore, it is the opinion of this office that:
1. The state fire marshal has the authority to send an arson investigator to investigate a fire or to assist a fire district or department.
2. The fire chief of a district or department can request assistance from either the state fire marshal or local authorities in investigating a fire but cannot exclude any appropriate authority — either the fire marshal or local authorities with jurisdiction — from assisting/investigating if they so desire.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General